# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RESHARE COMMERCE, LLC, | ) | Civil Case No. 0:11-cv-02617-ADM-JJG |
| | ) | |
| Plaintiff, | ) | Judge Ann D. Montgomery |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| RESHARE COMMERCE, LLC, | ) | Civil Case No. 0:11-cv-02616-MJD-LIB |
| | ) | |
| Plaintiff, | ) | Chief Judge Michael J. Davis |
| | ) | |
| v. | ) | |
| | ) | |
| The ANTIOCH COMPANY d/b/a CREATIVE MEMORIES and subsidiaries and affiliates, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| RESHARE COMMERCE, LLC, and FITNESS FORMULARY, LLC | ) | Civil Case No. 0:11-cv-03010-JNE-TNL |
| | ) | |
| | ) | Judge Joan N. Ericksen |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DOTFIT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT CLAIM CONSTRUCTION STATEMENT AND
## NOTICE REGARDING CLAIM CONSTRUCTION HEARING

Pursuant to the Court's Pretrial Scheduling Order (Dkt. #63) and the Court's Order consolidating claim construction in the above-captioned matters (Dkt. #70), the parties hereby submit their Joint Claim Construction Statement regarding the asserted claims of U.S. Patent No. 6,594,641 (the "'641 patent"). In addition, the parties provide notice of their request that the Court schedule a claim construction hearing to determine claim interpretation.

### A.    Agreed Upon Claim Terms, Phrases, or Clauses

The parties have not agreed on constructions of any specific terms in the '641 patent, but have agreed that many of the patent's terms can be applied according to their ordinary meaning and do not require construction by the Court.

### B.    Proposed Constructions and Identification of Intrinsic and Extrinsic Supporting Evidence

Set forth below are (1) a table showing the disputed claim terms for the '641 patent and each party's proposed constructions of those terms, (2) the Plaintiffs' evidence in support of their proposed constructions, and (3) the Defendants' evidence in support of their proposed constructions.

### 1.    Disputed Terms and Proposed Constructions

| Disputed Claim Term | Plaintiffs' Proposal | Defendants' Proposal |
| --- | --- | --- |
| "retailer"<br>(claims 1, 14, 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. In the event that the Court does choose to construe "retailer," Plaintiffs propose the | distributors, wholesalers, shippers, retailers to the public and to restricted markets or clientele, and any intermediary that is normally part of the series of transactions that results in the transfer of title and possession of a commodity |

| | following construction:<br><br>Any intermediary that is normally part of the series of transactions between a supplier and a consumer | from a supplier to a consumer |
|---|---|---|
| "supplier"<br>(claims 1, 14, 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. | manufacturer or wholesaler of consumable goods |
| "products"<br>(claims 1, 14, 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. | consumable goods |
| "third party"<br>(claims 1, 14) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. | unrelated to the supplier |
| "no participation in the transaction"<br>(claim 1);<br>"entirely passive participant in the transaction"<br>(claim 14);<br>"no input into the transaction"<br>(claim 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. | no involvement in any aspect of initiating, negotiating, finalizing, or performing on an agreed upon exchange |
| "consumer"<br>(claims 1, 14);<br>"end product user"<br>(claim 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by | purchaser, buyer, or user of consumable goods |

| | the Court. | |
|---|---|---|
| "address"<br>(claims 1, 14, 16) | zip code or other address information | Defendants contend that this term can be applied according to its plain and ordinary meaning and does not require construction by the Court.  In the event that the Court does choose to construe "address," Defendants propose the following construction:<br><br>"mailing address" |
| "geographically closest"<br>(claims 1, 14, 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court.  In the event that the Court does choose to construe "geographically closest," Plaintiffs propose the following construction:<br><br>The nearest region or location to an identified region or location | physically closest |
| "compensation"<br>(claims 1, 14);<br>"compensated"<br>(claim 16) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. | <u>compensation</u><br>monetary payment of some or all of the profits of the transaction<br><br><u>compensated</u><br>provided monetary payment of some or all of the profits of the transaction |
| "credits an account"<br>(claims 1, 14);<br>"crediting the designated retailer" | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does | enters/entering an amount representing the calculated monetary compensation |

| | | |
|---|---|---|
| (claim 16) | not require construction by the Court. | |
| "owned by the selected third party retailer" (claim 1) | Plaintiffs contend that this term should be applied according to its plain and ordinary meaning and does not require construction by the Court. | the selected third party retailer has legal title or possession |

### 2.      Plaintiffs' Evidence in Support of Their Proposed Constructions

### a.      "retailer" (claims 1, 14, 16)

For the term "retailer" in the '641 patent claims 1, 14, and 16, Plaintiffs identify

the intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

> Col. 1:1-15
> Col. 1:22-40
> Col. 1:53-59
> Col. 2:7-11
> Col. 2:12-18
> Col. 2:25-27
> Col. 2:29-37
> Col. 3:38-45
> Col. 4:4-10
> Col. 4:25-27
> Col. 4:28-31
> Col. 5:33-46
> Col, 5:49-53
> Col. 6:8-13
> Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*retail*:      "The sale of goods or commodities in small quantities directly to
consumers."
*American Heritage Dictionary of the English Language* 1487 (4th
ed. 2000)

*retailing*:    "This embraces those activities concerned with selling goods or services to the final consumer or another person acting on his/her behalf.

    Retailing need not take place exclusively in a shop setting. Home shopping via a printed catalog and mail order is a firmly established phenomenon.  Less widely available is television-based shopping through a fiber-optic cable, although this continues to grow.  The future is likely to see wider use of computer-based shopping "online" with the use of a modem and standard telephone line."

*Blackwell Encyclopedic Dictionary of Marketing* 193 (1997)

*retailer*:    "A distributor that sells goods or services to consumers (compare *wholesaler*)."

*Oxford Dictionary of Business and Management* 507 (4th ed. 2006)

"Aylor is an insurance broker and retailer who helped procure the D & O Liability Policy issued by Zurich. . . . In 1997, Aylor, an insurance retailer, was contacted by Juice Stop Franchising about insurance coverage."

*Nicholls v. Zurich Am. Ins. Group*, 244 F. Supp. 2d 1144, 1149 (D. Colo. 2003).

"The Agreement obligated Graham to appoint retail agents ('retailers') to market GeoVera insurance policies."

*GeoVera Specialty Ins. Co. v. Graham Rogers, Inc.*, 636 F.3d 445, 447 (8th Cir. 2011).

### b.    "supplier" (claims 1, 14, 16)

For the term "supplier" in the '641 patent claims 1, 14, and 16, Plaintiffs identify

the intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

Abstract
Col. 1:6-15
Col. 1:43-45
Col. 1:54-59
Col. 1:66-2:2
Col. 2:12-18
Col. 2:20-22
Col. 2:47-60

Col. 3:40-45
Col. 4:4-19
Col. 5:20-22
Col. 5:32-39
Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*supplier*:  "A firm or individual that provides the resources needed by a company and its competitors to produce goods and services." *Dictionary of Marketing* 262 (3d ed. 2003)

*supplier*:  "A party that supplies goods or services.  A supplier may be distinguished from a contractor or subcontractor, who commonly adds specialized input to deliverables." BusinessDictionary.com, *available at* http://www.businessdictionary.com/definition/supplier.html

*supply*:  "To make available for use; provide." *American Heritage Dictionary of the English Language* 1739 (4th ed. 2000)

"All members of the supposed conspiracy are suppliers of insurance. None competes with the plaintiff, an insurance broker. Accordingly, this case contains no horizontal aspect, but involves only a vertical action undertaken by suppliers, the insurance company defendants, against their agent, the insurance broker plaintiff."
*Blackburn v. Crum & Forster*, 611 F.2d 102, 104 (5th Cir. 1980).

"Fireman's Fund is one of the leading suppliers of insurance products to the entertainment industry and is unrelated to Segal."
*United States v. Segal*, 432 F.3d 767, 769 n.1 (7th Cir. 2005).

### c.  "products" (claims 1, 14, 16)

For the term "products" in the '641 patent claims 1, 14, and 16, Plaintiffs identify

the intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

Abstract
Col. 1:6-15

Col. 1:20-23
Col. 1:25-31
Col. 1:33-40
Col. 1:42-45
Col. 1:53-59
Col. 2:25-29
Col. 2:32-34
Col. 2:52-54
Col. 3:66-4:3
Col. 4:25-31
Col. 4:54-60
Col. 4:63-65
Col. 5:6-10
Col. 6:2-4
Col. 6:20-24
Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*product*:    "A product can be an idea, a service, a good, or a combination of these.  For Kotler (1984), a product "is anything that can be offered to market for attention, acquisition, use or consumption that might satisfy a want or need."  Obviously, the products of manufacturing firms are tangible, while those of service industries are intangible.  A household insurance package is an example of a product that is a service.  Such examples indicate the difficulty of clearly distinguishing between a product and a service (see Service Product).  The product is regarded as encompassing a set of benefits and is often referred to as the product (or service) offering."
*Blackwell Encyclopedic Dictionary of Marketing* 164-65 (1997)

*product*:    "Offering capable of satisfying a need or a want, that is offered to a target market for attention, acquisition, use, or consumption.  A product can be an object, service, activity, person, place, organization, or idea."
*Dictionary of Marketing Terms* 447 (3d ed. 2000)

*product*:    "Anything that can be offered to a market for attention, acquisition, use, or consumption that might satisfy a need.  It includes physical objects and services."
*Oxford Dictionary of Business and Management* 416 (4th ed. 2006)

*product*:   "A good, idea, method, information, object or service that is the end result of a process and serves as a need or want satisfier.  It is usually a bundle of tangible and intangible attributes (benefits, features, functions, uses) that a seller offers to a buyer for purchase." BusinessDictionary.com, *available at* http://www.businessdictionary.com/definition/product.html

*product*:   "Something marketed or sold as a commodity." MerriamWebster.com, *available at* http://www.merriam-webster.com/dictionary/retailer

*good*:   "A commodity or service that is regarded by economists as satisfying a human need." *Oxford Dictionary of Business and Management* 246 (4th ed. 2006)

"An insurance policy is a product, and a policy with a $ 25,000 limit is a different product from one with a $ 1 million limit, just as a wheelchair is a different product from an armchair." *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999)

"At its core, insurance is a product designed to manage risk." *Am. Nat'l Prop. & Cas. Co. v. Checketts*, No. 2:11-CV-250 BSJ, 2012 U.S. Dist. LEXIS 70832, at *21-22 (D. Ut. May 21, 2012) (quoting *Iverson v. State Farm Mut. Ins. Co.*, 256 P.3d 222, 227 (Ut. 2011)).

"State Farm Affordable Health Insurance Products," *available at* http://www.statefarm.com/insurance/health/healthprod.asp

"How Do I Choose an Insurance Product?," *available at* http://www.nationwide.com/life-insurance-choice.jsp

"Products," *available at* http://www.amfam.com/products/default.asp

"Life Insurance Product Comparison," *available at* http://www.libertymutual.com/life-insurance/life-insurance-products/life-insurance-product-comparison

"Business Insurance Products," *available at* http://www.safeco.com/business/business-insurance/business-insurance-products

### d.   "third party" (claims 1, 14)

For the term "third party" in the '641 patent claims 1 and 14, Plaintiffs identify the

intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

> Col. 1:16-52
> Col. 2:3-6
> Col. 2:7-11
> Col. 2:12-21
> Col. 2:29-32
> Col. 2:32-37
> Col. 2:41-46
> Col. 3:37-45
> Col. 4:4-17
> Col. 4:25-27
> Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

> *third party*:   "One other than the principals involved in a transaction."
> *American Heritage Dictionary of the English Language* 1798 (4th
> ed. 2000)

### e.   "no participation in the transaction" (claim 1); "entirely passive participant in the transaction" (claim 14); "no input into the transaction" (claim 16)

For the term "no participation in the transaction" in the '641 patent claim 1, the

term "entirely passive participant in the transaction" in the '641 patent claim 14, and the

term, "no input into the transaction" in the '641 patent claim 16, Plaintiffs identify the

intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

> Col. 3:38-45
> Claim 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*participate*:   "Take part."
                *The New Oxford American Dictionary* 1246 (2001)

*passive*:   "Existing, conducted, or experienced without active or concerted effort."
                *American Heritage Dictionary of the English Language* 1285 (4th ed. 2000)

*input*:   "Contribution of information or a comment or viewpoint; in general discourse input is now widely used to refer to the transmission of information and opinion."
                *American Heritage Dictionary of the English Language* 904-905 (4th ed. 2000)

*transaction*:   "An instance of buying or selling something."
                *The New Oxford American Dictionary* 1796-1797 (2001)

*transaction*:   "Something transacted, especially a business agreement or exchange."
                *American Heritage Dictionary of the English Language* 1831 (4th ed. 2000)

**f.**      **"consumer" (claims 1, 14); "end product user" (claim 16)**

For the term "consumer" in the '641 patent claims 1 and 14 and the term "end product user" in the '641 patent claim 16, Plaintiffs identify the intrinsic record, including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Col. 1:10-21
Col. 1:49-52
Col. 1:53-59
Col. 2:7-11
Col. 2:12-18
Col. 3:21-35
Col. 3:36-38
Col. 3:47-51
Col. 4:25-37

Col. 4:41-44
Col. 5:34-38
Col. 5:48-52
Col. 6:2-4
Col. 6:23-28
Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*consumer*:     "A person who purchases goods and services for personal use."
                *The New Oxford American Dictionary* 369 (2001)

*consumer*:     "One that consumes, especially one that acquires goods or services
                for direct use or ownership rather than for resale or use in production
                and manufacturing."
                *American Heritage Dictionary of the English Language* 395 (4th ed.
                2000)

*consumer*:     "1. A purchaser of a good or service in retail."
                "2. An end user, and not necessarily a purchaser, in the distribution
                chain of a good or service."
                BusinessDictionary.com, *available at*
                http://www.businessdictionary.com/definition/consumer.html

*end user*:     "The person who actually uses a particular product."
                *The New Oxford American Dictionary* 563 (2001)

*consumer*:     "A person or company which buys and uses goods and services."
                *Dictionary of Marketing* 262 (3d ed. 2003)

*consumer*:     "Ultimate user of a product or service."
                *Dictionary of Marketing Terms* 129 (3d ed. 2000)

"In this case, defendant does not appear to be situated to benefit financially or
commercially from the existence of this web site, which appears to be solely
intended to capture the attention of insurance consumers to share defendant's
commercial commentary and criticism."
*Northland Ins. Cos. v. Blaylock*, 115 F. Supp. 2d 1108, 1120 (D. Minn. 2000).

"Courts seek to determine not what the insurer intended by its policy language, but
what an ordinary reader and typical insurance consumer would understand the
language to mean."

*Lifespan/Physicians Prof'l Servs. Org. v. Combined Ins. Co. of Am.*, 345 F. Supp. 2d 214, 222 (D.R.I. 2004).

### g.    "address" (claims 1, 14, 16)

For the term "address" in the '641 patent claims 1, 14, and 16, Plaintiffs identify

the intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

> Abstract
> Figure 1
> Figure 2
> Figure 3
> Col. 2:27-37
> Col. 4:1-10
> Col. 5:20-32
> Col. 5:38-42
> Col. 6:6-13
> Claims 1, 12, 14, 16

Plaintiffs also identify the following extrinsic evidence:

> *address*:    "The particulars of the place where someone lives or an organization is situated."
> *The New Oxford American Dictionary* 18 (2001)

### h.    "geographically closest" (claims 1, 14, 16)

For the term "geographically closest" in the '641 patent claims 1, 14, and 16,

Plaintiffs identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

> Abstract
> Figure 1
> Figure 2
> Figure 3
> Col. 2:27-37
> Col. 4:1-10
> Col. 5:20-32

Col. 5:38-42
Col. 6:11-13
Claims 1, 12, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*geographic*:   "Belonging to or characteristic of a particular region."
MerriamWebster.com, *available at*
http://www.merriam-webster.com/dictionary/geographical

*close*:   "Being near in space or time."
*American Heritage Dictionary of the English Language* 350 (4th ed.
2000)

### i.   "compensation" (claims 1, 14); "compensated" (claim 16)

For the term "compensation" in the '641 patent claims 1 and 14 and the term

"compensated" in the '641 patent claim 16, Plaintiffs identify the intrinsic record,

including the specification, claims, file history, and considered references in the '641

patent, especially the following:

Abstract
Figure 1 (payment PC 42)
Figure 2
Col. 1:53-59
Col. 2:3-6
Col. 2:7-11
Col. 2:12-46
Col. 2:47-64
Col. 4:4-1
Col. 5:1-3
Col. 5:32-53
Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*compensation*:   "The act of compensation or the state of being compensated;
something, such as money, given or received as payment or
reparation, as for a service or loss."

*American Heritage Dictionary of the English Language*, pp. 376-377 (4th ed. 2000)

*compensate*:   "To make satisfactory payment or reparation to; recompense or reimburse."
*American Heritage Dictionary of the English Language* 376-377 (4th ed. 2000)

### j.   "credits an account" (claims 1, 14); "crediting the designated retailer" (claim 16)

For the term "credits an account" in the '641 patent claims 1 and 14 and the term "crediting the designated retailer" in the '641 patent claim 16, Plaintiffs identify the intrinsic record, including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Figure 2
Col. 2:12-46
Col. 2:47-64
Col. 4:4-19
Col. 5:32-53
Claims 1, 14, 16

Plaintiffs also identify the following extrinsic evidence:

*credit*:   "Enter as a credit; to make a credit entry in: *credit an account*."
*American Heritage Dictionary of the English Language* 428 (4th ed. 2000)

*credit*:   "A balance in a person's favor in an account."
MerriamWebster.com, *available at*
http://www.merriam-webster.com/dictionary/credit

*account*:   "A formal business arrangement providing for regular dealings or services (as banking, advertising, or store credit) and involving the establishment and maintenance of an account."
MerriamWebster.com, *available at*
http://www.merriam-webster.com/dictionary/account

### k.    "owned by the selected third party retailer" (claim 1)

For the term "owned by the selected third party retailer" in the '641 patent claim 1,

Plaintiffs identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

> Col. 4:13-19
> Col. 5:1-3
> Col. 5:44-46
> Claim 1

Plaintiffs also identify the following extrinsic evidence:

*own*:        "To have or hold as one's own; possess."
              Dictionary.com, *available at*
              http://dictionary.reference.com/browse/own

*select*:      "To take as a choice from among several; pick out."
              *American Heritage Dictionary of the English Language* 1578 (4th
              ed. 2000)

### 3.    Defendants' Evidence in Support of Their Proposed Constructions

### a.    "retailer" (claims 1, 14, 16)

For the term "retailer" in the '641 patent claims 1, 14, and 16, the Defendants

identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

> Col. 1:11-15
> Col. 1:26-40
> Col. 1:42-48
> Col. 1:49-52
> Col. 2:7-11
> Col. 2:12-18
> Col. 2:29-37
> Col. 3:38-45
> Col. 4:4-10

Col. 4:25-27
Col. 4:28-31
Col. 4:60-63
Claims 1, 14, 16

The Defendants also identify the following extrinsic evidence:

*retail*:    "The sale of goods or commodities in small quantities directly to consumers."
*American Heritage Dictionary of the English Language* 1487 (4th ed. 2000)

### b.    "supplier" (claims 1, 14, 16)

For the term "supplier" in the '641 patent claims 1, 14, and 16, the Defendants

identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

Abstract
Col. 1:9-15
Col. 1:43-45
Col. 1:54-59
Col. 1:66-2:2
Col. 2:12-18
Col. 3:40-45
Col. 4:4-19
Claims 1, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002

### c.    "products" (claims 1, 14, 16)

For the term "products" in the '641 patent claims 1, 14, and 16, the Defendants

identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

Abstract
Col. 1:5-15

Col. 1:16-24
Col. 1:25-41
Col. 1:43-52
Col. 2:14-16
Col. 2:51-54
Col. 3:36-45
Col. 4:25-31
Col. 5:24-32
Claims 1, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002, at pp. 2-4, 6, 8-9, 14, 16, and 18

The Defendants also identify the following extrinsic evidence:

*product*:    "Something produced by human or mechanical effort or by a natural process"
*American Heritage Dictionary of the English Language* 1399 (4th ed. 2000)

### d.    "third party" (claims 1, 14)

For the term "third party" in the '641 patent claims 1 and 14, the Defendants

identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

Col. 1:16-52
Col. 2:3-6
Col. 2:7-11
Col. 2:12-21
Col. 2:29-32
Col. 2:32-37
Col. 3:37-45
Col. 4:4-17
Col. 4:25-27
Claims 1, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002

The Defendants also identify the following extrinsic evidence:

*third party*:     "One other than the principals involved in a transaction."
*American Heritage Dictionary of the English Language* 1798 (4th ed. 2000)

**e.      "no participation in the transaction" (claim 1); "entirely passive participant in the transaction" (claim 14); "no input into the transaction" (claim 16)**

For the term "no participation in the transaction" in the '641 patent claim 1, the term "entirely passive participant in the transaction" in the '641 patent claim 14, and the term, "no input into the transaction" in the '641 patent claim 16, the Defendants identify the intrinsic record, including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Col. 3:38-45
Claim 1, 14, 16
Response to Office Action mailed August 8, 2002, at pp. 2-4, 6, 8-9, 14, 16, and 18
Interview Summary of August 2, 2002 interview
Notice of Allowability, Sep. 17, 2002, at p. 3
U.S. Patent No. 4,797,818 (Cotter) – Abstract, Col. 1:10-43, Col. 4:56-68, Col. 5:1-12, claims 1, 2, and 6.
U.S. Patent No. 6,336,100 (Yamada) – Abstract, Figures 1, 2, and 3, Col. 1:22-31, Col. 2:34-49, Col. 3:6-12, Col. 3:13-31, Col. 4:23-59, Col. 5:7-29, claims 1, 2, and 9-12.
U.S. Patent No. 5,970,472 (Allsop) – Abstract, Figures 8 and 9, Col. 1:15-33, Col. 3:31-36, Col. 7:24-40, Col. 8:32-65, Col. 9:34-67, Col. 10:1-15.

The Defendants also identify the following extrinsic evidence:

*transaction*:   "1.  The act of transacting or the fact of being transaction.  2. Something transacted, especially a business agreement or exchange."
*American Heritage Dictionary of the English Language* 1831 (4th ed. 2000)

*transaction*:   "1.  The act or an instance of conducting business or other dealings.
2.  Something performed or carried out.  3.  Any activity involving
two or more persons."
*Black's Law Dictionary* 1503 (7th ed. 1999)

**f.      "consumer" (claims 1, 14); "end product user" (claim 16)**

For the term "consumer" in the '641 patent claims 1 and 14 and the term "end

product user" in the '641 patent claim 16, the Defendants identify the intrinsic record,

including the specification, claims, file history, and considered references in the '641

patent, especially the following:

Col. 1:16-21
Col. 1:49-52
Col. 1:53-59
Col. 2:7-11
Col. 2:12-18
Col. 3:36-38
Claims 1, 14, 16

The Defendants also identify the following extrinsic evidence:

*consumer*:   "One that consumes, especially one that acquires goods or services
for direct use or ownership rather than for resale or use in production
and manufacturing."
*American Heritage Dictionary of the English Language* 395 (4th ed.
2000)

**g.      "address" (claims 1, 14, 16)**

For the term "address" in the '641 patent claims 1, 14, and 16, the Defendants

identify the intrinsic record, including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

Abstract
Figure 1
Figure 2
Figure 3

Col. 2:27-37
Col. 4:1-10
Col. 5:20-32
Col. 5:38-42
Col. 6:11-13
Claims 1, 12, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002

The Defendants also identify the following extrinsic evidence:

*address*:       "A description of a location of a person or organization, as written or printed on mail as directions for delivery."
*American Heritage Dictionary of the English Language* 20 (4th ed. 2000)

### h.       "geographically closest" (claims 1, 14, 16)

For the term "geographically closest" in the '641 patent claims 1, 14, and 16, the

Defendants identify the intrinsic record, including the specification, claims, file history,

and considered references in the '641 patent, especially the following:

Abstract
Figure 1
Figure 2
Figure 3
Col. 2:27-37
Col. 4:1-10
Col. 5:20-32
Col. 5:38-42
Col. 6:11-13
Claims 1, 12, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002

The Defendants also identify the following extrinsic evidence:

*close*:        "Being near in space or time."

*American Heritage Dictionary of the English Language* 350 (4th ed. 2000)

### i. "compensation" (claims 1, 14); "compensated" (claim 16)

For the term "compensation" in the '641 patent claims 1 and 14 and the term "compensated" in the '641 patent claim 16, the Defendants identify the intrinsic record, including the specification, claims, file history, and considered references in the '641 patent, especially the following:

> Abstract
> Figure 1 (payment PC 42)
> Figure 2
> Col. 1:53-59
> Col. 2:3-6
> Col. 2:7-11
> Col. 2:12-46
> Col. 2:47-64
> Col. 4:4-1
> Col. 5:1-3
> Col. 5:32-53
> Claims 1, 14, 16
> Response to Office Action mailed August 8, 2002, at pp. 8-10

The Defendants also identify the following extrinsic evidence:

*compensation*: "Something, such as money, given or received as payment or reparation, as for a service or loss." *American Heritage Dictionary of the English Language* 376 (4th ed. 2000)

*compensate*: "To make satisfactory payment or reparation to; recompense or reimburse." *American Heritage Dictionary of the English Language* 376 (4th ed. 2000)

### j. "credits an account" (claims 1, 14); "crediting the designated retailer" (claim 16)

For the term "credits an account" in the '641 patent claims 1 and 14 and the term

"crediting the designated retailer" in the '641 patent claim 16, the Defendants identify the

intrinsic record, including the specification, claims, file history, and considered

references in the '641 patent, especially the following:

> Abstract
> Figure 2
> Col. 2:12-46
> Col. 2:47-64
> Col. 4:4-19
> Col. 5:32-53
> Claims 1, 14, 16
> Response to Office Action mailed August 8, 2002, at pp. 8-9

The Defendants also identify the following extrinsic evidence:

> *credit*:    "To make a credit entry in: *credit an account*."
> *American Heritage Dictionary of the English Language* 428 (4th ed. 2000)

### k.    "owned by the selected third party retailer" (claim 1)

For the term "owned by the selected third party retailer" in the '641 patent claim 1,

the Defendants identify the intrinsic record, including the specification, claims, file

history, and considered references in the '641 patent, especially the following:

> Col. 4:13-19
> Col. 5:1-3
> Col. 5:44-46
> Claim 1

The Defendants also identify the following extrinsic evidence:

> *own*:    "To have or possess as property"
> *American Heritage Dictionary of the English Language* 1258 (4th ed. 2000)

### C.    Witnesses at Claim Construction Hearing

Neither party intends to call witnesses at the claim construction hearing.

Dated:  August 16, 2012                    Respectfully submitted,

By: s/ *Bryan Atkinson*
Dwight G. Rabuse (MN #0209429)
Joshua P. Brotemarkle (MN #0386581)
Erin E. Neils (MN #0390381)
RABUSE LAW FIRM, P.A.
The Historic Rand Tower
527 Marquette Avenue, Suite 1530
Minneapolis, Minnesota 55402
Phone: 612-843-3333
Fax: 612-843-3330
Email: Dwight@rabuselaw.com
Email: josh@rabuselaw.com
Email: erin@rabuselaw.com

Steven R. Daniels (*pro hac vice*)
W. Bryan Farney (*pro hac vice*)
Bryan Atkinson (*pro hac vice*)
Mary C. Jacob (*pro hac vice*)
FARNEY DANIELS, LLP
800 S. Austin Ave., Suite 200
Georgetown, TX 78626
Phone: 512-582-2828
Fax: 512-582-2829
Email: sdaniels@farneydaniels.com
        bfarney@farneydaniels.com
        batkinson@farneydaniels.com
        mjacob@farneydaniels.com

Attorneys for Plaintiffs Reshare
Commerce, LLC and Fitness Formulary, LLC

Dated: August 16, 2012                    FISH & RICHARDSON, P.C.

s/ *Michael J. Pape*
Michael J. Pape (MN 026989X)
David A. Gerasimow (MN 0389309)
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone:  (612) 335-5070
Fax: (612) 288-9696
Email: pape@fr.com

gerasimow@fr.com

Neil J. McNabnay
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Phone: (214) 747-5070
Fax: (214) 747-2091
Email: mcnabnay@fr.com

Attorneys for Defendant Nationwide Mutual
Insurance Co.

Dated: August 16, 2012            KING & SPALDING

s/ *R. William Beard, Jr.*
R. William Beard, Jr. (*pro hac vice*)
Truman H. Fenton (*pro hac vice*)
401 Congress Avenue, Suite 3200
Austin, TX  78701
Phone:  512-457-2026
Email:  wbeard@kslaw.com
          tfenton@kslaw.com

Barbara P. Berens (MN 209788)
BERENS & MILLER, PA
80 South Eighth Street, Suite 3720
Minneapolis, MN 55402
Phone:  612-349-6171
Fax:  612-349-6416
Email: bberens@berensmiller.com

Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

Dated: August 16, 2012            GREENE ESPEL PLLP

s/ *Robert J. Gilbertson*
Robert J. Gilbertson (MN 22361X)
John W. Ursu (MN 032257X)
Sybil L. Dunlop (MN 0390186)
200 South 6th Street, Suite 1200
Minneapolis, MN 55402
Phone:  612-373-0830

Fax:  612-373-0929
Email: bgilbertson@greeneespel.com
        jursu@greeneespel.com
        sdunlop@greeneespel.com

Attorneys for Defendant American Family
Mutual Insurance Company

Dated: August 16, 2012          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                s/ *Cyrus A. Morton*
                                Cyrus A. Morton (MN 0287325)
                                Logan J. Drew (MN 0389449)
                                2800 LaSalle Plaza
                                800 LaSalle Avenue
                                Minneapolis, MN 55402
                                Phone:  612-349-8500
                                Fax:  612-339-4181
                                Email: camorton@rkmc.com
                                        ljdrew@rkmc.com

                                Attorneys for Defendants Liberty Mutual
                                Insurance Company and Safeco Insurance
                                Company of America

Dated: August 16, 2012          DICKE, BILLIG & CZAJA, PLLC

                                s/ *Peter R. Forrest*
                                Peter R. Forrest (#193,082)
                                John M. Weyrauch (#221,879)
                                Paul P. Kempf (#239,215)
                                Fifth Street Towers, Suite 2250
                                100 South Fifth Street
                                Minneapolis, MN 55402
                                Phone:  (612)573-2000

                                Attorneys for Defendant The Antioch
                                Company LLC

Dated: August 16, 2012                 MASLON EDELMAN BORMAN & BRAND, LLP

                                       s/ *Michael C. McCarthy*
                                       Michael C. McCarthy (#230406)
                                       3300 Wells Fargo Center
                                       90 South Seventh Street
                                       Minneapolis, MN 55402
                                       Phone:  612-672-8200
                                       Fax:  612-672-8397
                                       Email: mike.mccarthy@maslon.com

                                       *Of Counsel:*

                                       Mark C. Nelson *(pro hac vice)*
                                       Steven Geiszler *(pro hac vice)*
                                       Robert J. Needham *(pro hac vice)*
                                       SNR DENTON US LLP
                                       2000 McKinney Avenue, Suite 1900
                                       Dallas, TX 75201-1858
                                       Phone:  214-259-0901
                                       Fax:  214-259-0910
                                       Email:  mark.nelson@snrdenton.com
                                            steven.geiszler@snrdenton.com
                                            robert.needham@snrdenton.com

                                       Attorneys for Defendant Dermalogica, Inc.


Dated: August 16, 2012                 MERCHANT & GOULD

                                       s/ *Anthony R. Zeuli*
                                       Anthony R. Zeuli (MN Bar No. 0274884)
                                       Thomas J. Leach (MN Bar No. 0311844)
                                       3200 IDS Center
                                       80 South Eighth Street
                                       Minneapolis, MN 55402-2215
                                       Phone: (612) 332-5300
                                       Email: tzeuli@merchantgould.com

                                       Attorneys for Defendant The Toro Company

Dated: August 16, 2012

BARNES & THORNBURG LLP

s/ *Aaron A. Myers*

Felicia J. Boyd (MN #186168)
Aaron A. Myers (MN #311959)
William E. Manske (MN#392348)
225 South Sixth Street, Suite 2800
Minneapolis, MN 55401
Phone:  (612) 333-2111
Fax:  (612) 333-6798
Email: FBoyd@btlaw.com
        AMyers@btlaw.com
        WManske@btlaw.com

Attorneys for Defendant dotFIT, LLC