## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RESHARE COMMERCE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | Case No. 0:11-CV-02617-ADM-JJG |
| THE AMERICAN AUTOMOBILE | § | |
| ASSOCIATION, | § | **JURY TRIAL DEMANDED** |
| AMERICAN FAMILY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| NATIONWIDE MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| LIBERTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER, DEFENSES AND COUNTERCLAIMS TO RESHARE COMMERCE, LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby answers, defends and counterclaims in response to the First Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Reshare Commerce, L.L.C. ("Reshare") as follows:

## ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

State Farm admits that the Complaint purports to state a claim for patent infringement against State Farm, The American Automobile Association ("AAA"), American Family Mutual Insurance Company ("American Family"), Nationwide Mutual Insurance Company ("Nationwide"), Safeco Insurance Company of America ("Safeco"), and Liberty Mutual Insurance Company ("Liberty Mutual").

### Nature of the Action

1.      State Farm admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code.  Except as expressly admitted, State Farm denies the allegations of Paragraph 1 of the Complaint.

2.      State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 2 of the Complaint.

3.      State Farm admits that it is a mutual insurance company owned by policy holders, organized under the laws of the State of Illinois, with its principal place of business at One State Farm Plaza, Bloomington, Illinois, 61710.  Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 5 of the Complaint.

19723308-1

6.      Paragraph 6 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 8 of the Complaint.

## Jurisdiction and Venue

9.      State Farm admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code.  Except as expressly admitted, State Farm denies the allegations of Paragraph 9 of the Complaint.

10.      State Farm admits this Court has original and exclusive subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, State Farm denies the allegations of Paragraph 10 of the Complaint.

11.      State Farm does not contest personal jurisdiction with respect to this action.

12.      Paragraph 12 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 12 of the Complaint.

13.      Paragraph 13 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 16 of the Complaint.

## Factual Background

17.     State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 17 of the Complaint.

18.     State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 18 of the Complaint.

19.     State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 19 of the Complaint.

20.     State Farm admits that United States Patent No. 6,594,641 (the "'641 Patent"), on its face, is titled "Computer Facilitated Product Selling System."  State Farm denies that the '641 Patent was duly and legally issued.  Except as expressly admitted, State Farm denies the allegations of Paragraph 20 of the Complaint.

21.     State Farm admits that what appears to be a copy of the '641 Patent is attached to the Complaint.  Except as expressly admitted, State Farm denies the allegations of Paragraph 21 of the Complaint.

22.     State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 22 of the Complaint.

## State Farm

23.     State Farm admits that it is a mutual insurance company owned by policy holders. State Farm admits that it is in the business of providing insurance and related products and services, including auto insurance.  Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 23 of the Complaint.

24.     The term "resale" is undefined and ambiguous.  As best understood, State Farm denies that it offers its products for resale, including its auto insurance products, through authorized State Farm agents ("State Farm agents").  Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 24 of the Complaint.

25.     The term "direct sale" is undefined and ambiguous.  State Farm admits that it maintains a website at www.statefarm.com, which presently navigates to an "Auto Insurance" page that comprises a link called "Buy Insurance Online" under a "Service Center" menu. Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 25 of the Complaint.

26.     The term "purchase . . . directly" is undefined and ambiguous.  State Farm admits that it maintains a website at www.statefarm.com, which presently navigates to an "Auto Insurance" page that comprises a link called "Buy Insurance Online" under a "Service Center" menu.  State Farm admits there are State Farm agents.  Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 26 of the Complaint.

27.     The term "purchasing directly" is undefined and ambiguous.  State Farm admits that it maintains a website at www.statefarm.com, which presently navigates to an "Auto

Insurance" page that comprises a link called "Find an agent" under a "Service Center" menu. Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 27 of the Complaint.

28.     The term "purchasing directly" is undefined and ambiguous.  State Farm admits that it maintains a website at www.statefarm.com, which presently navigates to an "Auto Insurance" page that comprises a link called "Find an agent" under a "Service Center" menu. Except as expressly admitted, State Farm denies the allegations set forth in Paragraph 28 of the Complaint.

29.     The term "purchases made by its customers directly" is undefined and ambiguous. State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 29 of the Complaint.

30.     The term "purchases made by its customers directly" is undefined and ambiguous. State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 30 of the Complaint.

31.     The term "purchases made by customers directly" is undefined and ambiguous. State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 31 of the Complaint.

## AAA

32.     Paragraph 32 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity,

and therefore denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 40 of the Complaint.

**American Family**

41.     Paragraph 41 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity,

and therefore denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 49 of the Complaint.

## Nationwide

50.     Paragraph 50 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 58 of the Complaint.

## Safeco

59.     Paragraph 59 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint recites allegations related solely to another

defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 67 of the Complaint.

## Liberty Mutual

68.     Paragraph 68 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity,

and therefore denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity, and therefore denies the allegations set forth in Paragraph 76 of the Complaint.

## Count 1 (Infringement of U.S. Patent No. 6,594,641)

77.     State Farm restates and incorporates herein by reference the answers contained in Paragraphs 1 through 76.

78.     State Farm denies the allegations as to State Farm set forth in Paragraph 78 of the

Complaint. Paragraph 78 of the Complaint also recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations set forth in Paragraph 78 of the Complaint.

79. State Farm denies that Reshare has suffered damage and will continue to suffer damage and irreparable injury by reason of acts of State Farm. Paragraph 79 of the Complaint also recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations set forth in Paragraph 79 of the Complaint.

80. State Farm denies that Reshare is entitled to injunctive relief and damages by reason of acts of State Farm. Paragraph 80 of the Complaint also recites allegations related solely to another defendant and State Farm lacks sufficient information to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations set forth in Paragraph 80 of the Complaint.

## Jury Demand

81. Paragraph 81 does not require a response by State Farm.

## Prayer for Relief

82. State Farm denies that Reshare is entitled to an award, judgment, order, or relief. State Farm denies all allegations recited Subparagraphs A-E of the Prayer for Relief in the Complaint. Reshare's Prayer for Relief should be denied with prejudice. State Farm requests that the Court deny all relief to Reshare, including that requested by Reshare in its Prayer for Relief. Reshare should take nothing. The Prayer for Relief of the Complaint also recites allegations related solely to another defendant and State Farm lacks sufficient information to

form a belief as to whether Reshare is entitled to remedies from another defendant, and therefore

denies those allegations set forth in the Prayer for Relief of the Complaint.

## DEFENSES

83.     State Farm asserts defenses and affirmative defenses as follows.   Additional

defenses may be added as discovery progresses in the case.  State Farm reserves all affirmative

defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United

States and/or at law or in equity, that may now exist or may exist in the future based on discovery

and further investigation in this case

## Defense Number 1

84.     State Farm has not and does not infringe, contribute to infringement, or induce

infringement, literally or under the doctrine of equivalents, of any claim of the '641 Patent.

## Defense Number 2

85.     On information and belief, the claims of the '641 Patent are invalid under 35

U.S.C. § 101.

## Defense Number 3

86.     On information and belief, the claims of the '641 Patent are invalid under 35

U.S.C. §§ 102 and/or 103.

## Defense Number 4

87.     On information and belief, the claims of the '641 Patent are invalid under 35

U.S.C. § 112.

## Defense Number 5

88.     The Complaint fails to state a claim upon which relief can be granted.

## Defense Number 6

89.     Reshare's claims for equitable relief, including injunctive relief, are barred wherein adequate remedies at law are available to Reshare.

## Defense Number 7

90.     Reshare's damage claims, if any, are limited by 35 U.S.C. § 286.

## Defense Number 8

91.     Reshare's damage claims, if any, are limited by 35 U.S.C. § 287.

## Defense Number 9

92.     Reshare's claims are barred in whole or in part by laches, estoppel and/or waiver.

## Defense Number 10

93.     In view of the prosecution of the application that matured into the '641 Patent, Reshare is estopped from asserting that State Farm has infringed directly or indirectly, any claim of any of the '641 Patent, either literally or under the doctrine of equivalents.

## Defense Number 11

94.     Reshare is barred from recovering costs under 35 U.S.C. § 288.

## COUNTERCLAIMS

95.     State Farm alleges as follows for its counterclaims against Reshare:

96.     State Farm incorporates by reference all allegations in its Answer and in its Defenses and Affirmative Defenses.

## Parties

97.     State Farm is a mutual insurance company owned by policy holders, organized under the laws of the State of Illinois, with its principal place of business at One State Farm Plaza, Bloomington, Illinois, 61710.

98.     On information and belief based on Reshare's allegations in the Complaint, Reshare is a Minnesota corporation with its principal place of business at 5051 Highway 7, Minneapolis, Minnesota 55416.

## Jurisdiction and Venue

99.     These counterclaims for declaratory judgment arise under U.S. patent laws, 35 U.S.C. §§ 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

100.    This Court has personal jurisdiction over Reshare for these counterclaims. Reshare voluntarily submitted to the jurisdiction of this Court and the District of Minnesota when it filed the present action.

101.    Venue is proper under 28 U.S.C. §§ 1391 and 1400 for these counterclaims in the United States District Court for the District of Minnesota.  At least a substantial part of the events giving rise to these counterclaims, including Reshare's initiation of this action, occurred in the District of Minnesota.

## First Counterclaim - Noninfringement of the '641 Patent

102.    State Farm incorporates by reference Paragraphs 95–101 of these Counterclaims.

103.    With its Complaint, Reshare alleges that State Farm infringes the '641 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents,

in violation of 35 U.S.C. § 271. State Farm denies these allegations. State Farm has not committed acts of infringement, either directly, contributorily, or by inducement of others, of any claims of the '641 Patent, either literally or under the doctrine of equivalents. In view of Reshare's allegations and State Farm's denial, there is uncertainty as to this infringement issue. For these and other reasons, an actual controversy exists between the parties under 28 U.S.C. § 2201.

104.    State Farm requests a declaration from this Court that it does not infringe the '641 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents and that its actions are not in violation of 35 U.S.C. § 271.

105.    This case is exceptional under 35 U.S.C. § 285.

## Counterclaim Number 2 - Invalidity of the '641 Patent

106.    State Farm incorporates by reference paragraphs 95-105 of these Counterclaims.

107.    With its Complaint, Reshare alleges that the '641 Patent was duly and legally issued and that it is valid and in force. State Farm denies these allegations. One or more of the claims of the '641 Patent are invalid for failing to comply with U.S. patent law, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For these and other reasons, an actual controversy exists between the parties under 28 U.S.C. § 2201.

108.    Prior art exists that render one or more of the claims of the '641 Patent invalid under 35 U.S.C. §§ 102 and/or 103.

109.    State Farm requests a declaration from this Court that the '641 Patent is invalid for failing to comply with U.S. patent law, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

110.    This case is exceptional under 35 U.S.C. § 285.

**Demand for Jury Trial**

111.    State Farm demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, State Farm prays for relief that the Court:

A.    Dismiss the Complaint, with prejudice, and order that Reshare take nothing;

B.    Deny Reshare's request for injunctive relief against State Farm;

C.    Order that State Farm has not infringed and is not infringing, directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, any claim of the '641 Patent and State Farm is not in violation of 35 U.S.C. § 271;

D.    Order that the claims of the '641 Patent are invalid;

E.    Permanently enjoin Reshare, its agents, employees, successors, assigns, and anyone acting for or on their behalf, from attempting to enforce the '641 Patent against State Farm, or any successor, assign, parent company, business unit, subsidiary, or affiliate of State Farm, or its respective, officers, former officers, directors, agents, employees, attorneys, shareholders, and all those in privity with them;

F.    Declare this case exceptional and award State Farm its costs and reasonable attorneys' fees under 35 U.S.C. § 285; and

G.    Award State Farm such other and further relief as the Court deems just and proper.

Dated:  October 29, 2012                Respectfully submitted,


_/s/ Truman H. Fenton_____

Barbara Barens, Reg. No. 209788
BERENS & MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel 612-349-6171
Email:  bberens@berensmiller.com

R. William Beard, Jr. (pro hac vice)
Truman Fenton (pro hac vice)
KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Tel 512.457.2026
Fax 512.457.2100
Email: wbeard@kslaw.com
Email: tfenton@kslaw.com

**ATTORNEYS FOR DEFENDANT
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2012, a true and correct copy of State Farm Mutual Automobile Insurance Company's Answer and Counterclaims to Reshare Commerce LLC's First Amended Complaint for Patent Infringement was filed and served on all counsel of record through the District of Minnesota's CM/ECF system.

*/s/ Truman H. Fenton*
Truman H. Fenton